Common Pleas Court for Licking County.

SMITH ET AL. V. RUGG ET AL.

Decided January 8, 1931.

*Eugene Moore,* and *Slabaugh & McDonald,* for plaintiffs.

*Fitzgibbon, Montgomery & Black,* for defendants.

MOORE, J.

This is a suit to construe the will of the late E. T. Rugg. A number of clauses in this will are not clear, but the interested parties have settled them among themselves, and have thus construed all but the third and fifth items. These items read as follows:

"*Third:* It is my desire that my factory, including all real and personal property connected therewith, together with all other real estate (except my homestead and the undivided half of the Manhattan Building on West Church street heretofore mentioned which goes to my wife, Dora G. Rugg) of which I may die seized shall be operated, managed and maintained under the supervision of my brothers John S. Rugg and Thomas Rugg and my niece Ethyl K. Rugg, on basis of salary and commissions at that time without bond.

"Until the following arrangement can be consummated, which I desire to be done within one year after my death, if possible:

"A corporation shall be formed, which shall be called the E. T. Rugg & Company and stock shall be issued upon the basis of an inventory and appraisement of material, stock and real estate, the said stock divided into equal parts and distributed as follows:

"One-eighth to my brother, John S. Rugg, one-eighth to Paul R. Rugg, one-eighth to my brother Thomas M. Rugg, one-eighth to S. Howard Rugg, one-eighth to my brother Sylvester Rugg, one-eighth to my niece Lillian A. Dugan.

"That said E. T. Rugg & Company shall pay the following named persons Bernard E. Wise, Sarah E. Rugg, Zola Davidson, Lena L. Rugg, Edna Rickley, Lester J. Black, Louise Coster and Olive Warner, six per cent. interest on Ten Thousand ($10,000) each for one year after my death, at which it is to pay to said parties the sum of Ten Thousand dollars each, if it can be done without crippling the business; if not, said E. T. Rugg & Company shall have the privilege of extending the time of payment another five years by paying six per cent. interest on same as above.

"Should any of my brothers or sister die without heirs, then his or her part shall be divided among the remaining heirs share and share alike."

"*Fifth:* It is my desire the one-eighth given my brother, Sylvester Rugg, shall be divided equally between his heirs, Louise Smith and Emmaline Maginnis at his death."

The only question for the court is whether or not Sylvester Rugg took an absolute ownership or a life estate in the stock distributed to him under item three of the will.

The case is submitted on the evidence and the arguments of counsel. The court understands that it is agreed and will be made part of the record, as to the relationship of the various legatees with the decedent. That is to say, that F. Merle Rugg is the son of Sylvester Rugg; and that Louise Smith and Emmaline Maginnis, mentioned in item five, are daughters of Sylvester Rugg.

Practically no two wills are exactly alike. There seems to be, so far as this court has been able to find, no adjudicated case of a will exactly like the one in the case at bar. Many of the adjudications in this state, however, the court thinks, should be of some aid in construing this will.

In the case of *Baxter* v. *Bowyer,* reported in the 19th Ohio State, page 490, the first three items of the will under consideration are as follows:

"Item 1. I give and devise all my property to my beloved wife, Deborah Baxter, both real and personal, of every description, with full power to collect, by law or otherwise, all debts due me, and to adjust and pay all expenses resulting from my last sickness and demise, and all other just claims whatsoever. I also expressly desire that she shall have unlimited power in the possession of all property, real and personal, thus bequeathed to her; to sell at public or private sale, on such terms as she may think best, or use in any manner as she may deem proper, any or all of the property, real or personal; and deeds to purchasers to execute, acknowledge, and deliver in fee simple.

"Item 2. I do hereby devise that, at the death of my beloved wife, the sum of two hundred dollars be placed in the hands of the treasurer of 'Union Cemetery' as a perpetual fund, to be by him placed at interest, the interest to be annually collected and expended in taking care of our graves.

"Item 3. I do hereby devise and bequeath, at the death

of my beloved wife, after all expenses resulting from her last sickness and demise, and expenses of tombstones and item second shall have been adjusted, all the property then remaining to the Presbytery of Cincinnati; said principal to be placed by the said Presbytery in a fund where it will be permanent, and the interest thereof to be annually collected and equally divided between the Boards of Foreign and Domestic Missions."

The court holds this will give to the wife only a life estate and life support, with power of sale for the benefit of the estate. The court, in the above case, says that the testator's intention is the polar star in the construction of a will. The court, on page 499, says: "The only thing, therefore, in the first item, which is actually, or even apparently, repugnant to the limitation over, is this word 'property.' The testator gives to his wife all his 'property.' If he had added the words 'for life' after the word property, all parts of the will would harmonize, and nothing need be rejected. But any equivalent words will surely answer the same purpose; and words fully equivalent are found in the provisions of *items* two and three. Read together, the two apparently conflicting provisions would stand thus: 'I give all my property to my wife, with remainder in fee at her death to the presbytery of Cincinnati.' Such is substantially the language of the will construed in *Smith* v. *Bull*, 6 Peters, 68. Indeed the language there was more repugnant than here. The language there was, 'I give to my wife Elizabeth Goodwin all my personal estate * * * to and for her own use and benefit, *and disposal absolutely;* the remainder of said estate, after her decease, to be for the use of said Jesse Goodwin.' And yet the court held, Chief Justice Marshall delivering the opinion, that the wife took only a life estate, and that the limitation over was effectual. Substantially to the same effect are many other cases, both English and American. Most of the authorities cited by counsel, where an apparently contrary doctrine has been held, are distinguishable from the present case by a single peculiarity. In most of them the subject-matter of the limitation over was, not the remainder of the estate, but such part

of the estate as the first devisee or legatee *chose to leave.*"

It will be noted that in the case at bar there is a limitation over of the entire corpus of the estate left to the legatees of Sylvester Rugg. In law, where the entire estate is left over, it is a technical remainder.

In the case of *Johnson* v. *Johnson,* 51 Ohio St., page 446, the second item of the will read as follows:

"I give and devise unto my beloved wife, Mary Ann A. Johnson, and her assigns all the remainder of my property, both real and personal, however the same may be known or wheresoever the same may be situate, with full power to bargain, sell, convey, exchange or dispose of the same as she may think proper, but, if at the time of her decease, any of my said property shall remain unconsumed, my will is that the same be equally divided between my brothers and sisters and their children, if deceased, the children to have the same amount the parent would be entitled to if living."

It was held in this case that the wife took only a life estate. The construction of this will is that a devise over of whatever remains unconsumed gave the widow only the right to consume. Reference is made in this case to the statutory provision, R. S. 5970, which is now Section 10580 of the General Code and reads as follows:

"Every devise in a will of lands, tenements, or hereditaments, shall convey all the estate of the devisor therein, which he could lawfully devise, unless it clearly appears by the will that the devisor intended to convey a less estate."

The court, in referring to this section of the Code in reference to the construction of the will in the case of *Johnson* v. *Johnson,* 51 Ohio St., 462, says:

"Again, it is argued, that it does not *clearly appear* by the will, that the testator intended to give the widow an estate less than a fee, and Section 5970, of the Revised Statutes, is cited. The answer to this is, that the intention of the testator is sufficiently clear to induce us to be clearly of the opinion, that the testator did not intend that his widow should bestow all his property upon the defendant, or any one else, and thereby cut out his own brothers and sisters and their children, and that if that had been his intention, he would at least have given his

property to his widow absolutely in fee, and said nothing about a remainder over."

In the case of the *Widows' Home* v. *Lippardt,* 70 Ohio St., page 261, the second item of the will construed by the court reads as follows:

"I give and bequeath to my beloved wife, Maria Zeltner, all my estate, both real and personal, of which I am now possessed or shall afterwards come into my possession or under my control, by deed or otherwise in fee simple, with power to sell or dispose of it as she may see fit; that after after the death of my wife, if there is anything remaining of my personal or real estate, it shall be distributed in the following manner, to-wit: To Louisa Lippardt, wife of William Lippardt, and John L. Duerr shall receive in equal shares subject to this condition, that John Behringer, Stephen, John, George and Margaret Zeltner, children of George Zeltner, shall receive the sum of $100 apiece. I do hereby nominate and appoint my beloved wife, Mary Zeltner, executrix of this my last will and testament, hereby authorizing and empowering her to compromise, adjust, release and discharge in such manner, upon such terms or conditions as she may see proper, and deeds to purchasers, to execute, acknowledge and deliver in fee simple."

The court holds in the above case that this item gives the widow power to convey the whole or any part of the estate and that a deed made by the widow conveys a good title. While the court is not called upon to determine the exact estate which the widow takes, this case is frequently cited and the reasoning of the case bears out the conclusion that where, in the first item of a will a person is given an absolute title (it will be noted that in this case the words "fee simple" are used) that there cannot afterwards be a clause of the will cutting down this absolute bequest to a life estate. The reason for this is not that the courts will not carry out the intention of the testator, which is clear enough in this case, but because an analysis of such intention discloses the fact that the testator intended to create an estate which is impossible under the law. That is to say, the first devisee is given an estate in fee simple and, in a subsequent item, the testator undertakes to make a will for the first devisee, thus creating

an estate unknown in the law. So his clear intention is an effort to create an estate which the law does not recognize and the second item is void.

In the case of *Robbins* v. *Smith,* 72 Ohio St., page 1, the court construed the following items of the will there in question:

"First: I give, devise and bequeath to my dear wife, Julia Anne Harwood, the third part of all my estate of every kind, whether consisting of real estate, moneys, debts, merchandise, furniture, or of whatever other description and character said property may be.

"Second: The remaining two-thirds of my estate shall be equally apportioned amongst my children, but shall not be turned over to them but shall be safely invested for their behoof; and the annual income arising to each child shall be subject to her control, whether married or unmarried, and in no instance shall the husband of any such child have any power or control over the principal or interest of such share; nevertheless, each of my children shall have full power and authority to will and devise her portion of said inheritance in such manner as she shall see fit.

"Third: In case of either of my children dying without leaving a will, then her portion of said inheritance shall be equally divided between her children who may survive her, or if she have no children surviving her, then the said portion shall be paid to my children who may survive her, share and share alike."

It will be noted the Supreme Court decided this case after the case of the *Widows' Home* v. *Lippardt.* It is held that the children of the testator took absolute title to the income, but only an estate for life in the corpus of the estate, each one having the power to finally dispose of by will the portion devised for her benefit, and in case the corpus should not be disposed of by will, only a life estate in the children of the testator. The court, referring to the case of *Baxter* v. *Bowyer,* 19 Ohio St., 490, and the case of *Johnson* v. *Johnson,* 51 Ohio St., 446, uses this language:

"Those cases establish the rule that conflicting provisions of a will should be reconciled so as to conform to the manifest general intent, and it is only in cases where

such provisions are wholly and absolutely repugnant that either should be rejected. And where, by one clause in a will, property is devised or bequeathed, by words *prima facie* importing an absolute estate, and by subsequent clause is given in remainder to another person, the first devisee or legatee takes only a life estate, and the limitation over is valid. Giving effect to this principle the general intent and paramount purpose of the will can be easily carried out."

In the case of the *Tax Commission* v. *Oswald,* 109 Ohio St., 36, the court construed the first three items of the will Samuel C. Oswald which read as follows:

"First: I will and bequeath to my wife, Jennie V. Oswald, whatever property I am possessed at my decease, both personal and real. She to have full power to sell, deed and transfer any or all of it, as she may deem best to better her condition.

"Second: After the death of my wife whatever property remains of my estate I will and bequeath as follows: One-half (½) to J. W. Oswald or his issue; one-half (½) to J. M. Oswald or his issue.

"Third: At the time of this distribution, should either of my brothers above be deceased, without leaving issue—then such share shall go to the brother remaining or his issue."

It is held in the above case that the wife took a life estate in the property, both real and personal, coupled with power to sell, deed and transfer all of it to better her condition, and that the gift over amounted to a vested remainder, subject to be divested in part from time to time, following the case of *Johnson* v. *Johnson* in the 51 Ohio State. The court on page 50 uses this language: "Of course the devise of a life estate may be clearly expressed, either in words, or by the manifest intention of the testator as gleaned from the entire will." "Our attention is called to the case of *Roberts* v. *Lewis,* 153 U. S., 367, 14 Sup. Ct., 945, 38 L. Ed., 747. The question decided in that case is in reality the same question that is decided in *Widows' Home* v. *Lippardt, supra,* which is to the effect that a devisee may have power under a will to convey an estate in fee simple by virtue of the power expressed

in the will, and that such conveyance is good against any remainderman named in the will."

There are other adjudicated cases in the appellate courts of the state and the common pleas courts, but these cases of the lower courts are only attempts to reconcile and follow the authority of the Supreme Court as disclosed in these decisions which this court has indicated, and from these decisions certain principles seem clear enough. That is, first, the intention of the testator is the paramount matter to be considered in the construction of a will and, second, his intention may be clear enough but may violate some positive rule of law. The intention must be gathered from the language of the whole will itself, and where that language creates repugnant, impossible, inconsistent or illegal limitations and conditions no court can give effect to such intention. Third, in cases where there are devises in fee or absolute bequests, there can be no limitation over of the same property, because this creates an estate in the second taker, which is an estate not known or recognized by the law.

Applying these principles so far as we can to the Rugg will, counsel, in the first place, claims that the fifth item of the will is merely precatory. That is, it is started by "it is my desire." By reference to the will, it will be seen that the third item is also precatory, in that it starts in the same way that, "it is my desire," making the third and fifth items stand on an equal basis.

The court thinks that, taking this will as a whole, there is clearly manifested upon its face, a desire on the part of E. T. Rugg to continue the business that had been created and to limit the same to his family. In the third item of the will he orders that a corporation be formed and the stock distributed as follows: "one-eighth to my brother Sylvester Rugg," and one-eighth to F. Merle Rugg. The extent of the estate of this distribution in the stock is not specified in so many words. There is no use of words of absolute ownership, or to be "his absolutely," or words of a similar nature. Then he provides in the fifth item that at the death of Sylvester Rugg his one-eighth

shall go to his two daughters, Louise Smith and Emmaline Maginnis. It must be remembered that the son of Sylvester Rugg, F. Merle Rugg, had already received a full one-eighth, and E. T. Rugg's intention is that the daughters of Sylvester Rugg shall each receive a one-sixteenth.

It is true that the language used in the third item of the will, if not limited by anything else, under Section 10580, General Code, would give to these legatees an absolute ownership, but there is nothing in distributing stock to a person, without saying the extent of his interest, that is inconsistent with the intention of making that distributee a mere trustee for the benefit of somebody else, and, following the decisions of the Supreme Court, while this third item might be *prima facie* an absolute ownership, in connection with the fifth item of the will it does not appear that such was the intention of E. T. Rugg as to the share of Sylvester Rugg. It can be equally said that, standing alone, the mere order of distribution of the stock in the manner suggested might not be intended to be an absolute gift, and the court thinks, when the third and fifth items can be reconciled and both given effect, that it is required to do that very thing. If in this third item of the will E. T. Rugg had used the expression "to be his absolutely," or words that would make the third and fifth items absolutely inconsistent or repugnant, then it would have to be held that the fifth item, where a limitation over is made, would be void, but the court cannot so construe this will.

This court holds that Sylvester Rugg took only a life estate by the terms of the third and fifth items of the will in the one-eighth of the stock distributed to him, and at his death the said Louise Smith *and* Emmaline Maginnis take title to said one-eighth.